Law Office of Pinaki Chakravorty (State Bar No. 183434)
2950 Merced St., #102N
San Leandro, CA 94577
Telephone: (669) 247-2402
Facsimile: (408) 872-8686
E-mail: pchakesq@gmail.com

Attorney for Jose Romero

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 3:25-CR-00144 JD |
| Plaintiff, | **DEFENDANT'S SENTENCING MEMORANDUM** |
| v. | **Court:** Courtroom 11, 19th Floor |
| JOSE ARMANDO NUÑEZ-ROMERO, | **Hearing Date:** December 15, 2025 |
| Defendant. | **Hearing Time:** 10:30 a.m. |
| | **Hon. James Donato** |

Defendant Jose Romero, by and through counsel, respectfully submits the following in support of his request for a variance, as described in detail below.

**1.  Objections to Presentence Report.**

Objections to the presentence report ("PSR") have been resolved.[1]

**2.  Sentencing Guideline Calculation.**

The guideline calculation set forth in the Plea Agreement, and the criminal history determination are as follows:

| | |
|---|---|
| Base Offense Level<br>U.S.S.G §2K2.1(a)(5) | 24 |
| Acceptance of Responsibility<br>U.S.S.G. §§3E1.1(a) and (b) | -3 |
| Total Offense Level | 21 |

Criminal History Category IV or V

**3.  Defendant's Family And Prospects**

Mr. Romero respectfully notes the letters from his daughter, his partner, mother and other family members attached to the accompanying declaration of counsel.

Mr. Romero comes from Sulaco Yoro, Honduras.  PSR ¶ 55.  He is close to his mother and grandmother, and also to his stepfather.  PSR ¶ 56.  His long-term partner is Jeylin Fernanda Rios, and with her, he has a six-year old daughter named Leah.  PSR ¶ 58.  He now has a house in Sulaco Yoro.  PSR ¶ 68.  He wants to return to Sulaco Yoro, raise his daughter there, and stay

---

[1] While this does not rise to the level of an objection, the Defendant does wish to note the following.  With respect to the factual circumstances of prior offenses recited in the PSR, defense counsel has been able to examine the police reports pertaining to paragraphs 32, 33, 34, 36, 37, and 42 of the PSR.  With respect to the remainder, counsel understands they are taken from another 2016 presentence report from Utah (and in one case, no records were available to the probation officer, as noted in the PSR).  As of this filing, counsel has been unable to procure that 2016 Utah presentence report.

there for the rest of his life. PSR ¶ 61. His goal is to start a small business in his hometown. PSR ¶ 61.

The defense respectfully submits several letters from Mr. Romero's family members, attached as exhibits to the accompanying declaration of counsel.

Attached as Exhibit A and incorporated herein by reference is a letter from Leah, followed by a translation from a certified Spanish interpreter. Leah writes simply: "Daddy I miss you. Come home. I love you."

Attached as Exhibit B and incorporated herein by reference is a letter from Fernanda, Mr. Romero's partner, followed by a translation from a certified Spanish interpreter. She writes:

> Your Honor, Leah not only misses her father, she needs the opportunity to know him, she needs him as a father figure for her emotional and psychological development, she asks for her father every day and my heart breaks as I am not able to give her the only answer that could bring her comfort: that her dad is home. The separation has been a deep trauma for our little one. While other little girls enjoy the presence of their fathers, all Leah has is a photo and my promise that her dad will be back. Jose is a loving father who deserves the opportunity to fulfill the most important role of his life.

Attached as Exhibit C and incorporated herein by reference is a letter from Damary Nuñez, Mr. Romero's sister, followed by a translation from a certified Spanish interpreter. She writes:

> I very humbly address you to ask for mercy for my brother. I know that he made a mistake and his actions have violated the laws of that country, but since we all deserve second chances, allow him to come back home to his family and to his little girl who does not yet know him in person and longs for a hug from her dad.

Attached as Exhibit D and incorporated herein by reference is a letter from Mr. Romero's mother, Ana Carminola Nuñez Romero, followed by a translation from a certified Spanish interpreter. She writes:

> I, his mother, am ill, I have diabetes and hypertension and I want him to be here with us, his family, because we need him very much and also his daughter misses him very much.

Attached as Exhibit E and incorporated herein by reference is a letter from Mr. Romero's grandmother, Luz Romero, followed by a translation from a certified Spanish interpreter. She writes:

> The reason for this letter is to plead for mercy for my son. We need him at home since I am very much in bad health and I'm afraid I won't see him again.

**4. Request For Variance**

Defendant Jose Armando Nuñez Romero humbly asks the Court for a chance to be with his family in Honduras as soon as possible. He is 37 years old now – no longer a very young man. He realizes that his six-year old daughter Leah, his old grandmother Luz, ailing mother Ana, and the rest of his family in Honduras are more important than his life here. He wants to return to Honduras, and does not wish to remain in, or return to, the United States.

Mr. Romero did engage in hand-to-hand narcotics sales in an effort to provide for his family financially. PSR ¶ 16. He acknowledges and regrets his conduct, for which he took responsibility early.

Mr. Romero respectfully submits there are a number of reasons in this matter to vary from the U.S.S.G. Guidelines recommended sentencing range. Practically, there is little to be gained from the lengthy incarceration period contemplated in that range. Accordingly, not even the Government's recommendation asks for a sentence within the Guidelines range.

Also, some of the reasons for variance are equitable. In the underlying case, Mr. Romero was selling drugs on the street. The amount of the exchange ($20), combined with the amount of cash on his person when apprehended ($485), do not suggest that he was a large-scale vendor. PSR ¶ 12. The ease with which he was caught by an undercover officer also does not indicate a sophisticated criminal mastermind. While his prior offenses admittedly are numerous, for the most part they indicate a similar history of narcotics sales. There are no crimes of violence, and

no evidence of prior assaultive acts.  There is no indication of gang affiliation whatsoever.  By all accounts, Mr. Romero was and has been a street dealer.

     Mr. Romero fully understands the gravity of his offense, and the danger it posed to potential users.  His age, and his encounters with the criminal justice system, have depleted him and taught him humility.  He respectfully asks the Court for another chance. Most importantly, he respectfully asks to reunite with his family in Honduras as soon as the Court sees fit.

DATED:  November 23, 2025            Respectfully submitted,

                                                      /s/
                                         Pinaki Chakravorty
                                         Counsel for Defendant