CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

GALEN A. PHILLIPS (CABN 307644)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7110
    Email: Galen.Phillips@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:25-CR-00144 JD |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | |
| JOSE ROMERO, | Hearing Date: December 15, 2025<br>Hearing Time: 10:30 a.m.<br>Courtroom: 11, 19th Floor |
| Defendant. | Hon. James Donato |

## INTRODUCTION

Defendant Jose Romero stands before the Court to be sentenced following his guilty plea to Counts One and Three of the Information charging him with distributing a mixture or substance containing methamphetamine (Count One) and possession with intent to distribute a mixture or substance containing a detectable amount of fentanyl (Count Three). The government respectfully submits this sentencing memorandum to recommend that the Court sentence Defendant to a term of 24 months' custody, three years of supervised release, forfeiture of $505, and a $200 special assessment.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

    **A.  Criminal History**

Romero, a 37-year-old Honduran national in the United States without legal status, has a history of street-level drug dealing, deportation, and illegal reentry. *See* Presentence Investigation Report

("PSR") ¶¶ 32–39; *see also id.* ¶¶ 43, 45–54. For these offenses, Romero has been sentenced in a variety of venues to a variety of terms of custody. *See, e.g., Id.* ¶¶ 36 (reflecting a sentence of 18 months' prison stemming from a conviction in the United States District Court for the District of Utah); 37 (reflecting a sentence of 60 days' jail stemming from a conviction in Salt Lake District Court); *see also United States v. Nunez-Romero*, 2:16-CR-163, Dkt. 16 (D. Utah) (June 22, 2016) (reflecting a sentence of 27 months' prison). For his last narcotics-related conviction, which was in 2024 in Alameda County Superior Court, Romero was sentenced to 1 day in jail. *Id.* ¶ 39.

### B. The Offense Conduct

The government agrees with Probation's description of the offense conduct. *See* PSR ¶¶ 6–13. In short, Romero and his co-defendant, Ramon Flores-Escoto, sold $20 of methamphetamine to an undercover. When law enforcement converged on the area, Romero attempted to flee but was almost immediately apprehended.[1]

Law enforcement searched Romero and uncovered additional narcotics and $505. PSR ¶ 12.

### C. Procedural History

Romero quickly accepted responsibility for his wrongdoing. The government charged Romero by complaint on April 30, 2025. PSR ¶ 1. By June, the Parties had reached an agreement in principle concerning the resolution of Romero's case. *See id.* ¶ 2.

## II.   GUIDELINES CALCULATION

The Parties and Probation agree concerning the following Guidelines calculation:

| | |
|---|---:|
| Base Offense Level (U.S.S.G. §2D1.1(a)(5)) | 24 |
| Acceptance of Responsibility (§3E1.1(a)) | - 3 |
| Adjusted Offense Level | 21 |

In the PSR, Probation calculates Romero's criminal history score as 10, resulting in Criminal History Category V. PSR ¶ 42. In preparing this sentencing memorandum, the government determined that the PSR omits one of Romero's convictions. *See United States v. Nunez-Romero*, 2:16-CR-163,

---

[1] Flores-Escoto fled further, and a San Francisco Police Department Officer was injured while pursuing Flores-Escoto. PSR ¶ 9.

Dkt. 16 (D. Utah) (June 22, 2016). The government understands that Probation intends to amend the PSR.

In the PSR, Probation calculates the Guidelines range as 70 – 87 months. *Id.* ¶ 74. If Romero's additional conviction pushes him into Criminal History Category VI, as the government expects it will, the correct Guidelines range would be 77 – 96 months.

### III. ARGUMENT

#### A. Standard

The overarching goal of a sentencing court is to impose a sentence that is sufficient to "reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed education or vocational training, medical care, or other correctional treatment." *United States v. Ressam*, 679 F.3d 1069, 1088-89 (9th Cir. 2012) (en banc); see United States v. Carty, 520 F.3d 984, 991 (9th Cir. 2008); 18 U.S.C. § 3553(a). The Court should begin the sentencing process by correctly calculating the applicable Guidelines range and must "remain cognizant of them throughout the sentencing process." *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007). The Court should then consider the factors outlined in Section 3553(a) to determine the appropriate sentence. *Ressam*, 679 F.3d at 1089.

The Section 3553(a) factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocations training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established in the Guidelines;

(5) any pertinent policy statement by the Sentencing Commission;

(6) the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims.

### B. Government Recommendation

Romero's conduct in this case is serious, as is his criminal history. Both militate in favor of a prison sentence. No party disputes that. The question is how long that prison sentence should run.

To date, Romero's longest sentence for a narcotics-related offense was 73 days. PSR ¶ 33. And his most recent sentence for a narcotics-related offense was 1 day of custody. *Id.* ¶ 39. Against this backdrop, a sentence of 24 months' custody is sufficient, but not greater than necessary, to reflect the nature and circumstances of the offense and the history and characteristics of the defendant.

The government's recommendation is also motivated by Romero's early acceptance of responsibility. Within one month of having been charged, Romero had agreed to resolve his case. Romero did not contest his detention. Romero did not file any pretrial motions. And Romero's first appearance before this Court was for a change of plea.

Finally, it is worth noting that Romero will be subject to near-certain removal from the United States at the conclusion of his carceral sentence. While removal has not deterred Romero in the past, it is an additional consequence of this criminal prosecution worth considering when imposing a sentence.

### CONCLUSION

For these reasons, the government submits that the Court should sentence the Defendant to a term of 24 months in custody, three years of supervised release, forfeiture of $505, and a $200 special assessment.

DATED: December 1, 2025

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/
GALEN A. PHILLIPS
Assistant United States Attorney